IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Fernando Mongues-Ulloa,<br><br>　　　　　　　Defendant. | No. CR-20-0464-PHX-DWL<br><br>FINDINGS AND RECOMMENDATION OF THE MAGISTRATE JUDGE UPON A PLEA OF GUILTY |

TO THE HONORABLE DOMINIC W. LANZA, UNITED STATES DISTRICT JUDGE.

　　　Upon Defendant's request to enter a plea of guilty pursuant to Rule 11 of the Federal Rules of Criminal Procedure, this matter came on for hearing before United States Magistrate Judge Michelle H. Burns on September 16, 2020, with the oral consents of the Defendant, counsel for the Defendant, and counsel for the United States of America. After consultation with counsel Defendant has orally consented on the record to proceed via video conference and Defendant indicated his counsel is authorized to sign the plea agreement on his behalf after reviewing it in its entirety with counsel.

　　　The undersigned magistrate judge accepted Defendant's waiver of indictment after inquiring about Defendant's understanding of the right to prosecution by indictment. Defendant's oral waiver constitutes a part of the plea agreement that has previously been lodged with the Court. Thereafter, the matter came on for a hearing on Defendant's plea of guilty in full compliance with Rule 11, Federal Rules of Criminal Procedure, before the Magistrate Judge in open court and on the record.

In consideration of that hearing and the statements made by the Defendant under oath, on the record, and in the presence of counsel, and the remarks of the Assistant United States Attorney and of counsel for Defendant,

**I FIND** as follows:

(1) that Defendant understands the nature of the charge to which Defendant pleads and the elements of the offense to which Defendant is pleading guilty;

(2) that Defendant understands the right to trial by jury, to persist in a plea of not guilty, to the assistance of counsel at trial and at every other stage of the proceedings, to confront and cross-examine adverse witnesses, to testify and present evidence, to compel the attendance of witnesses and the right against compelled self-incrimination;

(3) that Defendant understands the maximum possible penalty for the offense to which Defendant is pleading guilty, including imprisonment, fine and supervised release, any mandatory minimum penalty, and applicable forfeiture, the effect of the supervised release term; and the Court's authority to order restitution and its obligation to impose a special assessment;

(4) that Defendant understands the Court's obligation to calculate the applicable sentencing guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a); and that Defendant understands that the sentencing guidelines are advisory, not mandatory, and that the Court may sentence outside those guidelines;

(5) that the plea of guilty by the Defendant has been knowingly and voluntarily made and is not the result of force or threats or of promises apart from the plea agreement between the parties;

(6) that Defendant is competent to plead guilty;

(7) that Defendant understands that statements under oath may later be used in a prosecution for perjury or false statements;

///

///

(8) that Defendant understands that by pleading guilty, is waiving the right to a jury trial;

(9) that Defendant understands the terms of any plea agreement provision waiving the right to appeal or to collaterally attack the sentence and has knowingly, intentionally and voluntarily waived those rights;

(10) that Defendant is satisfied with the representation provided by defense counsel; and further,

(11) that there is a factual basis for Defendant's plea;

**I RECOMMEND** that the plea of Guilty be accepted.

**O R D E R**

IT IS ORDERED that any objection to the guilty plea proceedings and any request for supplementation of those proceedings be made by the parties in writing and shall be specific as to the objection or request made.  All objections or requests for supplementation shall be filed within fourteen (14) days of the date of service of a copy of these findings unless extended by an Order of the assigned district judge.

IT IS FURTHER ORDERED no more than ten (10) character letters shall be submitted by defense counsel in criminal cases, unless otherwise ordered by the court.

IT IS FURTHER ORDERED original character letters must be submitted by defense counsel in paper form with the original to the U.S. Probation Office and copies to the sentencing judge and opposing counsel at least five (5) business days prior to the hearing.  Character letters shall not be mailed directly to the sentencing judge by any family members or other persons writing in support of the defendant.  Character letters or a notice of such shall not be filed electronically unless otherwise ordered by the court.

IT IS FURTHER ORDERED that any motions for upward departure, downward departure and sentencing memoranda must be filed, at least, seven (7) business days prior to the sentencing date.  Responses are due three (3) business days prior to the sentencing date.  Any motion to continue sentencing must be filed promptly upon discovery of the cause for continuance and must state the cause with specificity.  Motions to continue

1  sentencing filed less than fourteen (14) days before sentencing are disfavored.  If either
2  party intends to call a speaker at sentencing, other than the Defendant, counsel must notify
3  the Courtroom Deputy at least three (3) business days in advance.
4      Dated this 18th day of September, 2020.

                                            Honorable Michelle H. Burns
                                            United States Magistrate Judge